# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LATERRYL SADDLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:13-CV-2460 CAS ) |
| BANK OF AMERICA N.A., et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Bank of America, N.A. and Bank of New York Mellon's ("defendants") motion to dismiss plaintiff's first amended complaint. Plaintiff opposes the motion and it is fully briefed. For the following reasons, the Court will deny the motion.

**I.    Background**

On March 15, 2007, plaintiff purchased real property located at 729 Sterling Terrace Court, St. Charles, Missouri. Plaintiff signed a promissory note and also signed a deed of trust encumbering the property. Defendant Bank of America ultimately foreclosed on the real property on October 18, 2013. Defendant Bank of New York Mellon was the successful purchaser.

On October 29, 2013, plaintiff filed a Petition in the Circuit Court of St. Charles County, Missouri, asserting state law claims of wrongful foreclosure and unjust enrichment. Defendants removed the case to this Court based on diversity of citizenship under 28 U.S.C. §§ 1332(a) and 1441(a). Plaintiff has since filed an amended complaint, alleging a tort claim for wrongful foreclosure (Count I) and an equitable claim for wrongful foreclosure (Count II). Defendants move to dismiss both counts for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standard

On a motion to dismiss, the Court accepts as true the factual allegations contained in the complaint and grants the plaintiff the benefit of all reasonable inferences that can be drawn from those allegations. See Lustgraaf v. Behrens, 619 F.3d 867, 872-73 (8th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. Discussion

### A. Tort Action for Wrongful Disclosure (Count I)

"A tort action for damages for wrongful foreclosure lies against a mortgagee only when the mortgagee had no right to foreclose at the time foreclosure proceedings were commenced." Dobson v. Mortgage Elec. Registration Sys. Inc./GMAC Mortg. Corp., 259 S.W.3d 19, 22 (Mo. Ct. App. 2008) (citing cases). "If there is a right to foreclose, there can be no tort cause of action for wrongful foreclosure." Id. "A plaintiff seeking damages in a wrongful foreclosure action must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose." Id. "A plaintiff must 'plead and prove such compliance with the terms of the deed of trust as would avoid lawful foreclosure.'" Id. (quoting Spires v. Lawless, 493 S.W.2d 65, 71 (Mo. Ct. App. 1973)).

Plaintiff alleges in her first amended complaint that the foreclosure was wrongful because she was current on all payments under the promissory note and "there was no breach of condition or failure to perform" on her part. (1st Am. Compl. at ¶ 9).

Defendants argue that plaintiff cannot prevail on this cause of action in tort because plaintiff admits past defaults. Defendant points to paragraph 10 of plaintiff's first amended complaint, which states:

> In the alternative, Plaintiff alleges that beginning in 2010 and continuing until about October, 2013, Defendants represented to Plaintiff that they would waive past defaults by Plaintiff under the note and deed of trust, and that they would not foreclose the deed of trust. In reliance on the representation of Defendants, Plaintiff made additional improvements to the real [e]state and made partial payments as directed by Defendants on the note described herein; and otherwise changed her[] position to her detriment. . . .

(1st Am. Compl. at ¶ 10).

In relying solely on paragraph 10 to support their position, defendants overlook the fact that paragraph 10 was explicitly pled in the alternative. The Federal Rules of Civil Procedure allow parties to plead two or more statements of a claim alternatively or hypothetically, regardless of consistency. See Rule 8(d)(2), (3), Fed. R. Civ. P. This Court has stated that the "liberal policy reflected in Rule 8(d) mandates that courts not construe a pleading as an admission against another alternative or inconsistent pleading in the same case." Franke v. Greene, 2012 WL 3156577, at *5 (E.D. Mo. Aug. 2, 2012) (quotation marks and quoted case omitted) (Hamilton, J.).

Here, plaintiff explicitly sets out paragraphs 9 and 10 in the alternative, and paragraph 9 states plaintiff was not in default under the note. The Court cannot construe paragraph 10 as an admission of a default, because this paragraph was clearly plead in the alternative to paragraph 9. For this reason, the Court will deny defendants' motion to dismiss Count I.

B.     Equitable Action for Wrongful Foreclosure (Count II)

If a mortgagee had the right to foreclose, but the sale was otherwise void or voidable, then the remedy is a suit in equity to set aside the sale. A court may grant equitable relief and set aside a foreclosure sale as invalid "when a circumstance denies the mortgagee the right to cause the power of sale to be exercised," such as where the foreclosing party does not hold title to the promissory note, the mortgagor has not defaulted at the time of first publication of the notice of sale, the note has been paid, or the deed of trust authorizes sale upon the request of its holder and no such request has been given. Graham v. Oliver, 659 S.W.2d 601, 603-04 (Mo. Ct. App. 1983) (citing cases). "'A mortgagor . . . can invoke the aid of equity to set aside a foreclosure sale only if fraud, unfair dealing or mistake was involved in the trustee's sale.'" Ice v. IB Prop. Holdings, LLC, 2010 WL 1936175, at *3 (W.D. Mo. May 13, 2010) (quoting American First Fed., Inc. v. Battlefield Ctr., L.P., 282 S.W.3d 1, 8-9 (Mo. Ct. App. 2009)).

In Count II, plaintiff alleges defendants deferred monthly payments during a period when she was negotiating a modification, thereby lulling her into a false sense of security, but then foreclosed the deed of trust without giving her notice and an opportunity to make any delinquent payments or remedy any other default. (1st Am. Compl., Count II, ¶ 2). Plaintiff alleges defendants established a de facto grace period by which they waived strict performance. (Id. at ¶ 3). Defendants move to dismiss this count because plaintiff has not plead fraud, unfair dealing or mistake in the conduct of the foreclosure sale itself.

Missouri courts have recognized the theory of lulling applies in cases "where the mortgagor is lulled into a belief that payments are not required to prevent a foreclosure, or that payments may be made in a manner different than that stated in the note or deed of trust." Woolsey v. Bank of

Versailles, 951 S.W.2d 662, 667 (Mo. Ct. App. 1997) (citing Zdazinsky v. Four Seasons Lakesites, Inc., 901 S.W.2d 224, 227 (Mo. Ct. App. 1995)). They observe that "[w]hen the owner of a property subject to a deed of trust has been lulled into a belief that payments are not required to prevent a foreclosure, . . . then before foreclosure may be properly held, actual notice of the proposed foreclosure must be given to the owners." Zdazinsky, 901 S.W.2d at 227.

Viewed in the light most favorable to plaintiff, the Court finds that plaintiff has stated a plausible claim for wrongful foreclosure in equity. In the alternative to her damages claim, in Count II plaintiff has alleged that defendants lulled her into believing that her partial payments were satisfactory, but then foreclosed on her property without notice. (1st Am. Compl., Count II at ¶ 2). The Court finds that this allegation is sufficient to allege unfair dealing in support of plaintiff's claim for equitable foreclosure. See, e.g., Donovan v. Frick, 458 S.W.2d 282, 286 (Mo. 1970) ("When the mortgagee lulls the owner of the equity of redemption into a sense of security and then forecloses the mortgage, without giving actual notice to the owner, courts of equity have uniformly set aside the foreclosure sales."). For this reason, the Court will deny defendants motion to dismiss Count II.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss is **DENIED**. [Doc. 17]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   22nd   day of July, 2014.