UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LATERRYL SADDLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-2460 CAS |
| | ) | |
| BANK OF AMERICA N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on (1) defendants' motion to enforce the settlement agreement, and (2) plaintiff's motion to rescind the settlement agreement.[1] Plaintiff has not responded to defendants' motion, and the time for doing so has passed. Defendants oppose plaintiff's motion to rescind the settlement agreement. For the following reasons, the Court will grant defendants' motion to enforce the settlement agreement and deny plaintiff's motion to rescind the settlement agreement.

**Background**

On October 29, 2013, plaintiff filed a Petition in the Circuit Court of St. Charles County, Missouri, asserting state law claims of wrongful foreclosure and unjust enrichment. The claims arise out of plaintiff's purchase of real property located at 729 Sterling Terrace Court, St. Charles, Missouri. Defendants removed the case to this Court based on diversity of citizenship under 28 U.S.C. §§ 1332(a) and 1441(a).

---

[1] Defendants refer to the agreement as a "settlement agreement"; plaintiff refers to the agreement as a "mediation agreement." The parties are referring to the same agreement (see Defs.' Mot., Ex. A.). The Court will simply call it a settlement agreement.

Pursuant to the Case Management Order, the Court ordered the parties to attend mediation on May 11, 2015. Defendants appeared in person by counsel, and a representative of defendants participated by telephone. Plaintiff and her counsel participated in person. Both sides agree that the parties engaged in a day-long mediation of the suit, and at the end of the day, reached an agreement to resolve all issues in the suit. In her motion to rescind the settlement agreement, plaintiff states the parties "debated and agreed the issues extant finally [coming] to a resolution." The parties agreed upon a handwritten settlement agreement, which would be formalized in a typewritten settlement agreement. See Defs.' Mot, Ex. A. (filed under seal). The mediator advised the Court that this action had been settled. The Court vacated the trial setting, denied without prejudice any pending motions, and ordered the parties to file a stipulation for dismissal. See Doc. 54.

Apparently plaintiff had a change of heart the next day. Plaintiff states that on May 12, 2015, she did not wish to settle, but instead wanted her case tried to a jury. Plaintiff's counsel states he has advised defendants' counsel "of the plaintiff's changed position." (Pl.'s Mot. at ¶ 3). In response, defendants filed the motion to enforce the settlement agreement.

**Discussion**

"'The district court has inherent power to enforce a settlement agreement as a matter of law when the terms are unambiguous,' and in a diversity case, the settlement agreement is construed according to state law. Barry v. Barry, 172 F.3d 1011, 1013 (8th Cir. 1999). In Missouri, interpreting a settlement or release agreement is a question of law, and the agreement is 'interpreted according to the same principles that govern the interpretation of any other type of contract.' Parks v. MBNA Am. Bank, 204 S.W.3d 305, 311 (Mo. Ct. App. 2006). Courts must 'ascertain the

2

intention of the parties and . . . give effect to that intention.'" <u>Id.</u> (internal marks omitted).'" <u>Harper Enters., Inc. v. Aprilia World Service USA, Inc.</u>, 270 F. App'x 458, 460 (8th Cir. 2008) (unpublished per curiam). "Additionally, in Missouri, the party attacking a release or settlement 'bears the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted.' <u>Cameron v. Norfolk & W. Ry.</u>, 891 S.W.2d 495, 499 (Mo. Ct. App. 1994)." <u>Id.</u>

Here, both parties seem to agree that they entered into a valid and enforceable settlement agreement. Plaintiff's motion to rescind the agreement states only that she decided later that "she did not wish to settle, but instead wants her cause decided by a jury." (Pl.'s Mot. at ¶ 2). Plaintiff has not responded to defendants' motion to enforce the settlement agreement. In her own motion to rescind, she has not alleged any facts that would require the Court to rescind the agreement. She has not alleged or proved the agreement was "tainted with invalidity." <u>Harper Enters., Inc.</u>, 270 F. App'x at 600. Nor has she alleged any fraud or mistake. Her sole reason for attempting to back out of the settlement agreement is that she changed her mind.

Based on defendants' motion and the exhibits thereto (filed under seal), the Court finds the parties entered into a valid settlement agreement under Missouri law. <u>See</u> <u>Bath Junkie Branson, LLC v. Bath Junkie, Inc.</u>, 528 F.3d 556, 561 (8th Cir. 2008). The parties to the agreement were competent, there was legal consideration, mutuality of agreement, and mutuality of obligation. <u>Id.</u> Moreover, defendants acted in reliance on the agreement, and partially performed on the agreement. Plaintiff has not met her burden to rescind the settlement agreement, and her motion will be denied. The Court will grant defendants' motion to enforce the settlement agreement.

**IT IS HEREBY ORDERED** that plaintiff's motion to rescind the settlement agreement is **DENIED**. [Doc. 58]

**IT IS FURTHER ORDERED** that defendants' motion to enforce the settlement agreement is **GRANTED**. [Doc. 56]

**IT IS FURTHER ORDERED** that counsel shall file, within thirty (30) days of the date of this order unless an extension is granted, a stipulation for dismissal, a motion for leave to voluntarily dismiss, or a proposed consent judgment.  **Failure to comply timely with this order will result in the dismissal of this action with prejudice.**

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ___3rd___ day of August, 2015.