# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LATERRYL SADDLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-CV-2460 CAS |
| ) | |
| BANK OF AMERICA N.A., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion to Reconsider the Court's Order of August 3, 2015 Enforcing the Settlement Agreement. Defendants opposes the motion. Plaintiff has not filed a reply, and the time for doing so has passed. The matter is fully briefed and ready for decision. For the following reasons, plaintiff's motion to reconsider will be denied.

## Background

On October 29, 2013, plaintiff filed a Petition in the Circuit Court of St. Charles County, Missouri, asserting claims of wrongful foreclosure and unjust enrichment. The claims arose out of plaintiff's purchase of real property located at 729 Sterling Terrace Court, St. Charles, Missouri. Defendants removed the case to this Court based on diversity if citizenship under 28 U.S.C. §§ 1332(a) and 1441(a).

Pursuant to the Case Management Order, the Court ordered the parties to attend mediation on May 11, 2015. Defendants appeared in person by counsel, and a representative of defendants participated by telephone. Plaintiff and her counsel participated in person. Both sides agree that the parties engaged in a day-long mediation of the suit, and at the end of the day, reached an agreement to resolve all issues in the suit. The parties agreed upon a handwritten settlement

agreement, which would be formalized in a typewritten settlement agreement. The mediator advised the Court that this action had been settled. The Court vacated the trial setting, denied without prejudice any pending motions, and ordered the parties to file a stipulation for dismissal.

Several days later, plaintiff filed a motion to set aside the settlement agreement, stating that she had a "changed position." See Doc. 58. In response, defendants filed a motion to enforce the settlement agreement. The cross motions did not present any issues of disputed facts. On August 3, 2015, the Court issued an Order granting defendants' motion to enforce the settlement agreement and denying plaintiff's motion to set the agreement aside. Now plaintiff moves the Court to reconsider its August 3, 2015 Order, asserting new arguments for why the Court should set aside the agreement.

**Legal Standard**

Plaintiff does not cite an applicable Federal Rule in her motion to reconsider, which the Eighth Circuit considers "a dangerous omission." United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 742 (8th Cir. 2014). Because the Federal Rules of Civil Procedure do not mention or account for "motions to reconsider," and the Order to which plaintiff's motion is directed is a non-final order, the Court finds that plaintiff's motion should be construed as a motion pursuant to Rule 60(b). Compare Nelson v. American Home Assur. Co., 702 F.3d 1038, 1043 (8th Cir. 2012) ("motion to reconsider" directed to non-final order is considered as a Rule 60(b) motion); Monsanto Co. v. E.I. DuPont de Nemours and Co., 2011 WL 322672, at *4 (E.D. Mo. Jan. 31, 2011) (treating motion to modify non-final order as a Rule 60(b) motion); see also 12 James Wm. Moore, Moore's

Federal Practice § 60.03[3]-[4] (3d ed. 2014) (comparing Rule 59(e) motion to alter or amend judgment and Rule 60(b) motion).[1]

Rule 60(b) relieves a party from a judgment or order on one of six specified grounds: mistake, inadvertence, surprise, or excusable neglect; newly-discovered evidence that with reasonable diligence could not have been discovered in time for a Rule 59(b) motion; fraud, misrepresentation or misconduct by an opposing party; the judgment is void; the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; and any other reason that justifies relief. Fed. R. Civ. P. 60(b); see also Smith v. American Airlines, Inc., 414 F.3d 949, 954 (8th Cir. 2005).

Relief under Rule 60(b) is limited. A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances. Schwieger v. Farm Bureau Ins. Co. of Neb., 207 F.3d 480, 487 (8th Cir. 2000); Richards v. Aramark Services, Inc., 108 F.3d 925, 927 (8th Cir. 1997) (internal quotations and citations omitted). Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir. 1984). Rule 60(b) "is not a vehicle for simple reargument on the merits." Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999).

---

[1]As further explained in Moore's Federal Practice, a motion to reconsider a nonfinal order that is a "final disposition" is properly classified as a motion for relief under Rule 60(b), because Rule 60(b) encompasses motions filed in response to nonfinal orders as well as judgments, where Rule 59(e) contemplates only motions to alter or amend judgments. "If a movant wants the benefit of whatever lower threshold of proof Rule 59(e) may offer, the movant should indicate expressly that the motion is brought under Rule 59(e)." Moore's Federal Practice, § 60.03[4].

**Discussion**

Plaintiff's motion does not seek relief based on any of the enumerated circumstances contained in any subsection of Rule 60(b). Indeed, plaintiff has not indicated any procedural basis for her motion to reconsider, and has not cited any Federal Rule. Relief under Rule 60(b) is therefore not available here. See Wilson v. Runyon, 981 F.2d 987, 989 (8th Cir. 1992) (per curiam). Plaintiff also has not shown the existence of exceptional circumstances, as her motion is an attempt to reargue the merits of her position to set aside the settlement agreement.

Plaintiff's initial motion to set aside the settlement agreement stated that the parties had "debated and agreed the issues extant finally [coming] to a resolution." (Pl. Mot., Doc. 58). The following day, however, "Plaintiff advised Counsel that she did not wish to settle but instead wants her cause decided by a jury." (Id.) Plaintiff's counsel advised defendants' counsel of plaintiff's "changed position." (Id.). Counsel for plaintiff sought to have the settlement rescinded.

Defendants' motion to enforce the settlement agreement characterized plaintiff's actions similarly, stating that the parties had agreed on a settlement at mediation. Two days later, on May 13, plaintiff's counsel had "warned that his client was considering backing out of the settlement." (Def. Mem., Doc. 57, at 2). Then on May 29, plaintiff's counsel stated "his client wanted to back out of the settlement." (Id.). Plaintiff did not respond to defendants' motion—she did not challenge or contradict defense counsel's characterization of the mediation, the settlement, or her conduct in seeking to back out of the settlement. Plaintiff also did not file a reply brief in support of her own motion. After having a full opportunity to brief the cross motions, plaintiff had submitted only three sentences in support of her motion to rescind the settlement agreement.

The cross motions did not allege any disputed facts. Instead, both sides stated they agreed on a resolution of the issues and the next day plaintiff changed her position. Relying upon the unchallenged facts as alleged by counsel for the parties, the Court granted defendants' motion to enforce the settlement agreement. The Court found that the parties agreed that they entered into a valid and enforceable settlement agreement, the parties to the agreement were competent, there was legal consideration, mutuality of agreement, and mutuality of obligation. See Doc. 61 at 3.

Now plaintiff moves the Court to reconsider its Order enforcing the settlement agreement. Plaintiff has made no showing of exceptional circumstances. Rather, plaintiff's motion reargues the underlying motion, citing new (though not newly-discovered) reasons why the settlement agreement should be deemed unenforceable. Plaintiff submits an affidavit, stating that she was badgered and bullied by the mediator and felt compelled to stay against her will and "make an agreement wholly against her better judgment." (Mot. at 4). She also states that she did not understand the case had settled, because defendants had to obtain approval of a condition precedent. (Saddler Aff.). She contradicts her original motion to set aside the settlement agreement in which she stated the parties had agreed to the "issues extant finally [coming] to a resolution," stating now that there was no mutual assent or intent to settle. Compare Pl.'s Mot. to Set Aside Settlement Agreement, ¶ 1 (Doc. 58) and Pl. Mot. to Reconsider at ¶ 5 (Doc. 58).

A Rule 60(b) motion is not for the purpose of rearguing, more fully, the merits of a claim. Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). Plaintiff has not asserted any of the six grounds set forth in Federal Rule 60(b) in support of her motion to reconsider, and the Court finds no grounds that justify relief. Plaintiff's motion reargues, with different arguments, the merits of her underlying motion to set aside the settlement agreement.

5

**Conclusion**

For the foregoing reasons, plaintiff's motion to reconsider the Court Order of August 3, 2015, construed as a motion under Rule 60(b) should be denied as it fails to set forth any basis for relief under Rule 60(b) and does not make an adequate showing of exceptional circumstances.

Accordingly,

**IT IS HEREBY ORDERED** plaintiff's motion to reconsider the Court's Order of August 3, 2015, construed as a motion under Rule 60(b), is **DENIED**. [Doc. 62]

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 10th day of September, 2015.